UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 20-63562-PMB |
| TRACY DENNIS, | ) | |
| | ) | |
| Debtor. | ) | |
| ---------------------------------------- | ) | ---------------------------------------- |
| | ) | |
| S. GREGORY HAYS, Chapter 7 Trustee for the | ) | |
| Estate of Tracy Dennis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | NO. 20-6079-PMB |
| UNITED COMMUNITY BANK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF SUBPOENA DUCES TECUM**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee and plaintiff in this adversary proceeding, and gives notice in accordance with Fed. R. Civ. P. 45(a)(4), as made applicable in this adversary proceeding by Fed. R. Bankr. P. 9016, of the subpoena to be served on Wessels & Gerber PC, a copy of which is attached hereto and incorporated herein by reference as Exhibit "A."

**DEPONENT:** Wessels & Gerber PC
**DATE:** December 15, 2020
**TIME:** 10:00 a.m.
**LOCATION:** Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363-1031

15811078v1

Dated: November 12, 2020

        Respectfully submitted,

        By: */s/ Michael J. Bargar*
        Michael J. Bargar
        Georgia Bar No. 645709
        ARNALL GOLDEN GREGORY LLP
        171 17th Street, NW, Suite 2100
        Atlanta, GA 30363-1031
        michael.bargar@agg.com
        Phone: 404-873-7030
        Fax: 404-873-7031

        *Attorneys for Chapter 7 Trustee*

15811078v1

**EXHIBIT "A" FOLLOWS**

15811078v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 20-63562-PMB |
| TRACY DENNIS, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ------------------------------------- | )------ | ------------------------------------- |
| | ) | |
| S. GREGORY HAYS, Chapter 7 Trustee for the | ) | |
| Estate of Tracy Dennis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | NO. 20-6079-PMB |
| UNITED COMMUNITY BANK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SUBPOENA TO WESSELS & GERBER PC
## FOR THE PRODUCTION OF DOCUMENTS

TO:   Wessels & Gerber PC
      c/o Jeremy Wessells
      123 S. Hill Street
      Griffin, GA 30223

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents, identified on Exhibit "A" attached hereto, at the place, date, and time specified below:

**Place**                                                                    **Date and time**

ARNALL GOLDEN GREGORY LLP                                                    December 15, 2020
171 17th Street, NW, Suite 2100                                              10:00 a.m.
Atlanta, GA 30363-1031

15795150v1

**ARNALL GOLDEN GREGORY LLP**
*Attorneys for Trustee*

By: /s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709
ARNALL GOLDEN GREGORY LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
michael.bargar@agg.com; 404-873-7030

15795150v1

## Rule 45, Federal Rules of Civil Procedure, Subsections (c), (d) and (e):

**(c) Place of Compliance.**
   (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
      (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
      (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
         (i) is a party of a party's officer; or
         (ii) is commanded to attend a trial and would not incur substantial expense.
   (2) *For Other Discovery.* A subpoena may command:
      (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
      (B) inspection of premises at the premises to be inspected.
**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
   (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
   (2) *Command to Produce Materials or Permit Inspection.*
      (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) *Quashing or Modifying a Subpoena.*
      (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information; or
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
      (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.
**(e) Duties in Responding to a Subpoena.**
   (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
      (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
      (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) *Claiming Privilege or Protection.*
      (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

# EXHIBIT "A"

## Definitions

A.      The term **"document"** is intended to have the broadest permissible meaning under the Federal Rules of Civil Procedure and shall mean any written, printed, recorded, taped, electromagnetically recorded or encoded, electronically stored, graphic or other matter of every type and description that is or has been in the possession, custody, or control of you or any of your agents and attorneys, or of which you have knowledge, and shall include without limitation, the following: letters, correspondence, affidavits, declarations, statements, books, articles, reprints, resolutions, minutes, communications, messages, e-mails, electronic communications, electronically stored information, notes, loan documents, collateral documents, stenographic or handwritten notes, memoranda, diaries, contracts, subcontracts, bids, worksheets, drafts, agreements, records, resumes, invoices, receipts, bills, cancelled checks, financial statements, audit reports, tax returns, calendars, schedules, summaries, studies, calculations, estimates, diagrams, sketches, drawings, plans, photographs, tapes, videotapes, movies, recordings, transcriptions, work orders, computer print-outs, computer disks, data processing cards, data storage cards, and the like; and where originals of such documents are not available or are not in your possession, custody or control, every copy of every such document; and every copy of every such document where such copy is not an identical copy of the original or where such copy contains any commentary or notation whatsoever which does not appear on the original.

B.      The term **"Debtor"** refers to Tracy Dennis, her authorized agents, attorneys, representatives, and to any other person that is or has ever acted for or on behalf of her.

C.      The term **"Clerk"** refers to the Clerk of Court for the Superior Court of Fulton County, Georgia.

D.      The term **"UCB Deed"** refers to that certain *Security Deed*, which Tracy Dennis signed on or about October 15, 2019 and through which Tracy Dennis granted a security interest in that certain real property with a common address of 6885 Estepona Street, Atlanta, Fulton County Georgia 30349 to United Community Bank to secure the repayment of a debt owed by Tracy Dennis to United Community Bank in the original principal amount of $169,990.00.

E.      The term **"Property"** refers to that certain real property with a common address of 6885 Estepona Street, Atlanta, Fulton County, Georgia 30349.

F.      The term **"Transfers"** refers to the conveyance of an interest in the Property arising from the UCB Deed.

## Document Request

Please produce the following:

1) Copies of all documents related to any attempted filing of the UCB Deed with the Clerk.

2) Copies of all documents related to the Property, including, but not limited to, the closing packet.

3) Copies of all documents related to the Transfers.

15795150v1

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following parties with a true and correct copy of the foregoing by first class United States Mail to the following entities at the addresses stated:

Wessels & Gerber PC
c/o Jeremy Wessells
123 S. Hill Street
Griffin, GA 30223

Monica K. Gilroy
The Gilroy Firm
Suite 140
3780 Mansell Road
Alpharetta, GA 30022

This 12th day of November, 2020.

By: /s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709

15811078v1